UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA J. JIMENEZ, <br>     Plaintiff, <br>     v. <br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br>     Defendant. | NO. EDCV 08-1492 AGR <br><br> MEMORANDUM OPINION AND ORDER |

    Veronica J. Jimenez filed this action on October 31, 2008. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on November 13 and 26, 2008. (Dkt. Nos. 7, 9.) On May 22, 2009, the parties filed a Joint Stipulation ("J.S.") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the decision of the Commissioner is affirmed.

///

///

///

///

## I.

## PROCEDURAL BACKGROUND

On January 16 and 17, 2007, Jimenez filed an application for disability insurance benefits and an application for Supplemental Security Income benefits, both alleging a disability onset date of April 14, 2006. A.R. 9. The applications were denied initially and upon reconsideration. A.R. 38-41. An Administrative Law Judge ("ALJ") conducted a hearing on June 5, 2008, at which Jimenez and a vocational expert ("VE") testified. A.R. 16-37. On July 7, 2008, the ALJ issued an unfavorable decision. A.R. 6-15. Jimenez requested review. A.R. 4. On August 22, 2008, the Appeals Council denied Jimenez's request for review. A.R. 1-3. This lawsuit followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///

///

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Jimenez has a severe impairment of bilateral carpal tunnel syndrome. A.R. 11. She has the residual functional capacity ("RFC") "to perform light work . . . except no repetitive lifting over 10 pounds and . . . the opportunity to wear a brace on both hands. The claimant is precluded from pushing and pulling over 20 pounds, use of vibratory power tools and exposure to excessive concentrations of extreme cold. The claimant is limited to handling and fingering no more than occasionally with the right and no more than frequently with the left." A.R. 12. Jimenez cannot perform her past relevant work. A.R. 13  However, "there are jobs that exist in significant numbers in the national economy that the claimant can perform," including housekeeper, ticket seller or ticket taker, and usher. A.R. 14.

## C. Side Effects From Medication

Jimenez points solely to a guide to prescription and nonprescription drugs stating that possible side effects of Oxybutynin and Tramadol include drowsiness. J.S. at 3:16-21. There is one reference in the record, the last Disability Report - Appeal filed with the Social Security Administration, in which she claims that the two drugs induce drowsiness. A.R. 114. She uniformly reported no side effects

from Tramadol on any earlier Disability Report.[1]  A.R. 86, 105.  Nonetheless, she complains that the ALJ did not address these side effects in his decision.

Jimenez does not cite to any evidence that these side effects interfere with her ability to work.  At the hearing, Jimenez did not identify side effects as a reason she could not work.  A.R. 23-24, 28.  Treatment records do not contain any complaint as to side effects from medications.  The ALJ did not err.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) ("There were passing mentions of the side effects of [plaintiff's] medication in some of the medical records, but there was no evidence of side effects severe enough to interfere with [her] ability to work."; statement that medication caused him to doze off insufficient); *see also Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) ("[Plaintiff] produced no clinical evidence showing that narcotics use impaired [her] ability to work").

### D. **Jimenez's Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At Step One, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'  The claimant, however, 'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'  'Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom

---

[1] Other than this single report by Jimenez herself that she is taking Oxybutynin, there is no mention of, or prescription for, that drug in any of her medical records.

4

alleged.'" *Id.* at 36 (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir 1991) (*en banc*). The ALJ found that Jimenez's impairment could reasonably be expected to produce the alleged symptoms. A.R. 13.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ did not find malingering.

"[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cit[e] the reasons why the [claimant's] testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13,[2] quotation marks omitted); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ may also consider inconsistencies or discrepancies in claimant's

---

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  statements; inconsistencies between claimant's statements and activities;
2  exaggerated complaints; and unexplained failure to seek treatment. *Thomas v.*
3  *Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Smolen v. Chater*, 80 F.3d 1273,
4  1284 (9th Cir. 1996). "If the ALJ's credibility finding is supported by substantial
5  evidence in the record, we may not engage in second-guessing." *Thomas*, 278
6  F.3d at 959; *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th
7  Cir. 1999).

8  Here, the ALJ found that Jimenez's "statements concerning the intensity,
9  persistence and limiting effects of these symptoms are not credible to the extent
10 they are inconsistent with the residual functional capacity assessment." A.R. 13.

11 Jimenez argues that the ALJ did not provide any reasons for discounting
12 her testimony. J.S. at 7. Jimenez is incorrect. The ALJ listed three reasons.

13 First, the ALJ observed that the treating physicians did not recommend
14 surgery and released her to full-time work with restrictions consistent with the
15 ALJ's RFC. A.R. 13. This reason is supported by substantial evidence. In 2006,
16 Jimenez was released to return to work with limitations similar to the ALJ's RFC
17 determination: no repetitive lifting over 10 pounds; no pushing/pulling over 20
18 pounds; must wear a brace; and unable to use impact and power tools with both
19 hands. *See* A.R. 120 (4/27/06), 121 (4/20/06), 122 (4/17/06), 126 (5/2/06), 136
20 (1/11/07, released to "regular duty without restrictions"); *see also* state agency
21 opinions, A.R. 255-59 (state agency RFC assessment), 263 (same). "Although
22 lack of medical evidence cannot form the sole basis for discounting pain
23 testimony, it is a factor that the ALJ can consider in his credibility analysis."
24 *Burch*, 400 F.3d at 681.

25 Second, the ALJ observed that Jimenez received $4,000 in workers'
26 compensation benefits, but did not use that money to treat her medical problem
27 despite her complaints of a serious and debilitating medical condition. A.R. 13.
28 Although Jimenez alleged at the reconsideration level that her condition had

6

worsened, she received no further medical treatment for it. A.R. 13, 263. Jimenez's unexplained failure to seek or continue treatment supports the ALJ's finding that she is not fully credible. *Thomas*, 278 F.3d at 958-59; *Smolen*, 80 F.3d at 1284.

Third, the ALJ considered that five of Jimenez's six children, including triplets aged four, live at home with her at her parents' house. A.R. 12, 22. He found that Jimenez's responsibility for taking care of these children is "certainly consistent with the ability to perform work within the residual functional capacity assessment found herein." A.R. 12-13; *Burch*, 400 F.3d at 680; *Bunnell*, 947 F.2d at 346.

In sum, the ALJ stated specific, clear and convincing reasons for finding Jimenez less than fully credible. *Lingenfelter*, 504 F.3d at 1036.

### E.  ALJ's Development Of The Record

It is the claimant's duty to prove she is disabled. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). *See* 42 U.S.C. § 423(d)(5)(A) (the claimant must furnish medical and other evidence of her disability); 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled.").

"The ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60.

Jimenez contends that the ALJ had a duty to develop the record because she testified that she was going to see her doctor for a referral to a psychiatrist to test her for a mental disorder. J.S. at 13; A.R. 28. Therefore, Jimenez now contends that the ALJ should have requested a psychiatric evaluation. J.S. at 14.

The ALJ found, and Jimenez does not dispute, that none of the medical records contained any suspicion or diagnosis of a mental impairment. A.R. 12. Moreover, Jimenez did not allege a mental impairment at any time prior to the hearing. A.R. 11-12. At the hearing, Jimenez testified that she "kn[e]w that has nothing to do with this case." A.R. 28. The ALJ responded that Jimenez "can file a new application" in the future if she has a mental impairment that becomes severe enough. *Id.* Her counsel made no objection. *Id.*

Jimenez has failed to show that the evidence is ambiguous or that the record is inadequate to allow for proper evaluation of the evidence. The ALJ was under no obligation to develop the record further. *See Mayes*, 276 F.3d at 459-60.

### F.  ALJ's Hypothetical Question to the Vocational Expert

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock*, 240 F.3d at 1165.

Jimenez argues that the ALJ erred in not including side effects from medication in his hypothetical to the vocational expert. J.S. at 17. Given that there was no substantial evidence that side effects limited or prevented Jimenez from working, as discussed above, the ALJ properly excluded that limitation from his hypothetical to the vocational expert. *See Osenbrock*, 240 F.3d at 1164 (excluding side effects from hypothetical); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (same).

///
///
///

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 19, 2009

_____
ALICIA G. ROSENBERG
United States Magistrate Judge